UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROMISH HOLDINGS, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>INCLUSION, INC., & JANNA MILLER,<br><br>　　　　Defendants. | Case No. 1:15-cv-00126-BLW<br><br>MEMORANDUM DECISION AND ORDER |

### INTRODUCTION

The Court has before it Plaintiff's Motion to Dismiss Defendants' Counterclaim (Dkt. 18) for failure to state a claim and for failure to allege fraud with particularity pursuant to Fed. R. Civ. P. 9(b) (Rule 9(b)). For the reasons set forth below, the Court will grant Plaintiff's motion to dismiss, but will also grant Defendants' request to amend their counterclaim.

MEMORANDUM DECISION AND ORDER - 1

## BACKGROUND

Romish Holdings (Romish) brought this suit to collect on a Promissory Note between it and Defendant Inclusion, Inc. (Inclusion). In the Note, Inclusion promised to pay $404,000 plus interest to Romish in specified installments. Defendant Janna Miller—President of Inclusion—signed the Note as personal guarantor of Inclusion's obligation. In its counterclaim, Inclusion claims that (1) Romish never disbursed the $404,000; and (2) Romish fraudulently induced Inclusion to sign the Note by promising multiple times that it would be disbursed.

On November 13, 2013, Inclusion executed the Note, promising to pay Romish the principal amount of $404,000.00 plus interest. *Complaint (Docket No. 1)*, ¶ 6. The agreed-upon interest rate was ten percent (10%) per annum. *Id.* The terms of the Note stipulated that Inclusion promised to make thirty-two equal monthly payments and one final balloon payment to satisfy the loan. *Id.* at ¶ 7. President of Inclusion, Janna Miller, also signed a guarantee assuring Romish that she would repay the loan amount in the event that Inclusion fails to perform. *Id.* at ¶ 8; *see also Guarantee (Docket No. 1)*, Ex. B.

Inclusion made the first six payments from March to August 2014, totaling $32,880. *Complaint (Docket No. 1)*, ¶ 12; *Answer and Counterclaim (Docket No. 12)*, ¶¶ 14, 19. Thereafter, Inclusion stopped making payments and Romish filed the present suit to recover the full amount of the loan, including late fees and interest due. *See Complaint (Docket No. 1)*, ¶¶ 12-15.

In their answer to Romish's complaint, Inclusion and Miller defend themselves vigorously, asserting various affirmative defenses and Inclusion included a counterclaim alleging that the principal amount, $404.000, was never disbursed. *See Answer and Counterclaim (Docket No. 12)*, ¶¶ 1-22. Inclusion alleges that David Cohen—Romish's agent—misled Inclusion about when the money would be disbursed. *Id.* at ¶¶ 15-20. Additionally, it alleges that Cohen's false promises and the subsequent filing of the present suit constitute fraud. *Id.* In the present motion to dismiss, Romish argues that Inclusion fails to state the claim of fraud with particularity as required by Fed. R. Civ. P. 9(b). *Motion to Dismiss Counterclaim (Docket No. 18-1)* at 6.

## LEGAL STANDARD

Rule 9(b) requires that a complaint alleging fraud "state with particularity the circumstances constituting fraud." In other words, the party alleging fraud must set forth "the who, what, when, where, and how of the misconduct charged, as well as "what is false or misleading about [the purportedly fraudulent] statement and why it is false." *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054-55 (9th Cir. 2011). Rule 9(b) also requires the pleader to account for the time, place, and specific content of the false representations, as well as the identity of the person making the false representation. *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

## ANALYSIS

Inclusion fails to meet the pleading standards of Rule 9(b). In its Answer and Counterclaim, Inclusion identifies the "who" as David Cohen, Romish's representative.

*Answer and Counterclaim (Docket No. 12)*, ¶ 15. Inclusion identifies the "what" as Cohen telling Inclusion that the $404,000 would be disbursed. *Id.* However, Inclusion does not allege why these statements were false at the time Cohen made them, or how Cohen knew the statements were false at that time – both necessary components to demonstrate that Cohen and Romish defrauded Inclusion. Without such allegations, Inclusion's counterclaim fails. However, the Court is not convinced that Inclusion cannot amend its counterclaim to include these allegations. Accordingly, the Court will grant the motion to dismiss, but will give Inclusion the opportunity to amend its counterclaim to specifically include the when, where and how of the alleged misconduct.

## ORDER

**IT IS ORDERED**

1. Plaintiff's Motion to Dismiss Counterclaim (Dkt. 18) is **GRANTED**. Defendants may file an amended counterclaim no later than **October 16, 2015**.

DATED: September 25, 2015

_____
B. Lynn Winmill
Chief Judge
United States District Court