UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROMISH HOLDINGS, LLC,<br><br>     Plaintiff,<br><br>       v.<br><br>INCLUSION, INC., & JANNA MILLER,<br><br>     Defendants. | Case No. 1:15-cv-00126-BLW<br><br>MEMORANDUM DECISION AND ORDER |

The Court has before it Defendants' Motion for Attorney Fees (Dkt. 33). Plaintiff did not respond to the motion.

Idaho law governs the award of attorney fees in this matter because federal courts must follow state law as to attorney fees in diversity actions. *Interform Co. v. Mitchell*, 575 F.2d 1270, 1280 (9th Cir.1978) (applying Idaho law). Defendants request attorney fees pursuant to Idaho Code § 12–120(3). Idaho Code § 12–120(3) provides that the prevailing party "shall be allowed" an award of reasonable attorney fees in any civil action to recover on ... "any commercial transaction." The statute defines the term "commercial transaction" to mean "all transactions except transactions for personal or household purposes." I.C. § 12–120(3) (1998). "Under Idaho Code § 12–120(3), an award of attorney fees is appropriate where 'the commercial transaction is integral to the claim, and constitutes the basis upon which the party is attempting to recover.'" *Blimka v.*

*My Web Wholesaler, LLC*, 152 P.3d 594 (Idaho 2007) (*citing Brower v. E.I. DuPont De Nemours and Co.*, 792 P.2d 345, 349 (Idaho 1990)).

Here, there is no question that Defendants are the prevailing party – the Court entered default judgment in favor of Defendants against Plaintiff on its two breach of contract claims. Likewise, there is no dispute that the claims arose out of a commercial transaction that was the basis upon Defendants obtained a recovery – Defendants prevailed on a foreclosure claim for breach of a mortgage contract. The Court also entered default judgment on Defendants' counterclaim for fraud, but that claim was tied to the breach of contract claims. Accordingly, Danish Acres is entitled to its reasonable costs and fees.

The Court also finds that the attorney fees and costs identified in counsel's affidavit in support of the motion for fees and costs are reasonable. "The starting point for determining a reasonable fee is the 'lodestar' figure, which is the number of hours reasonably expended multiplied by a reasonable hourly rate." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir.1992). In determining a reasonable hourly rate, the Court considers the "experience, skill and reputation of the attorney requesting fees," *Trevino v. Gates*, 99 F.3d 911, 924 (9th Cir.1996), as well as "the prevailing market rates in the relevant community," *Blum v. Stenson*, 465 U.S. 886, 895 (1984).

Once the lodestar amount is determined, the Court "then assesses whether it is necessary to adjust the presumptively reasonable lodestar figure on the basis of the *Kerr* factors that are not already subsumed in the initial lodestar calculation." *Morales v. City*

*of San Rafael*, 96 F.3d 359, 363–64 (9th Cir.1996) (footnote omitted). "There is a strong presumption that the lodestar figure represents a reasonable fee. Only in rare instances should the lodestar figure be adjusted on the basis of other considerations." *Id*. at 363 n. 8. (internal quotation marks and citation omitted).

Here, Defendants seek attorney fees in the amount of $23,732.50 for 86.3 hours of work completed by attorney Dennis Charney, who charged $275.00 per hour. The hourly rate charged by Mr. Charney is comparable to the reasonable hourly rate for attorneys of similar experience and similar work in the District of Idaho. Moreover, the total number of hours billed was within reasonable limits. Moreover, the Court notes that Plaintiff has not opposed the motion. Accordingly, the Court will grant the motion for costs and fees in the amount of $23,732.50.

## ORDER

### IT IS ORDERED

1. Defendants' Motion for Attorney Fees (Dkt. 33) is **GRANTED**. Plaintiff shall pay Defendants $23,732.50 in fees.

DATED: June 1, 2016

B. Lynn Winmill
Chief Judge
United States District Court

**MEMORANDUM DECISION AND ORDER - 3**